**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

ROY SHERMAN,

                Plaintiff,

vs.                                          Case No. 5:15-cv-36-Oc-34PRL

CHRIS BLAIR, in his official capacity as
Sheriff of Marion County, Florida; Deputy
FRANCO PORCELLI; and Deputy PAXTON
SAPP

                Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action on January 22, 2015, by filing an eleven-count Complaint (Doc. 1).[1] Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted.

---

[1] The Court notes that the Complaint contains two counts numbered "Count IX" and then skips to "Count XI." See Complaint at 25-26, 28. As such, it appears that Plaintiff misnumbered Count X. Because the Court will direct Plaintiff to file an amended complaint for the reasons set forth below, Plaintiff should also correct this error in the amended complaint.

See id. Here, each subsequent count of the eleven counts in the Complaint incorporates by reference all allegations of each of the preceding counts. See Complaint at 12-28.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.") (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)).

Accordingly, it is hereby

**ORDERED**:

1.  The Complaint (Doc. 1) is **STRICKEN**.

     2.     Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **February 9, 2015.**  Failure to do so may result in a dismissal of this action.

     3.     Defendants shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers, this 26th day of January, 2015.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record