**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**ROY SHERMAN,**

    **Plaintiff,**

v.                                                                       **Case No: 5:15-cv-36-Oc-34PRL**

**CHRIS BLAIR, FRANCO PORCELLI**
**and PAXTON SAPP**

    **Defendants.**

## ORDER

Before the Court is Defendants' motion to extend the mediation deadline. (Doc. 51). Defendants make this request as Plaintiff's counsel withdrew some time ago. (Doc. 39) (allowing Plaintiff's counsel to withdraw); *see* (Doc. 29) (ordering that "[i]f Plaintiff is proceeding *pro se*, counsel for Defendant[s] shall undertake the responsibility for coordinating a mutually agreeable mediation date and for filing the notice").

Defendants request that the mediation deadline be moved to sixty days after the original deadline, which was June 30, 2016. They also request that the current appointed mediator, Gregory Miles, Esq., be changed to Irwin J. Weiner Esq. Defendants, however, provide no assurance that Plaintiff consents to medication before Irwin J. Weiner Esq.[1]

Further, it is uncertain whether Defendants have complied with Local Rule 3.01(g). They state they sent a letter requesting Plaintiff's position on this request and that they would supplement

---

[1] The Court notes that, in a recent filing, *pro se* Plaintiff represented his willingness to mediate this case. (Doc. 55-1, p. 9).

- 2 -

their motion if and when Plaintiff responded.    To date, no supplement has been filed[2], and Plaintiff has not otherwise responded on the docket to this motion[3].

Accordingly, and upon due consideration, the motion (Doc. 51) is **GRANTED** to the extent Defendants request an extension; the new mediation deadline is **August 31, 2016**.

However, given the uncertainty about Plaintiff's position on the request, Defendants shall notify the Court on or before **August 1, 2016** whether the parties have reached an agreement on the selection of a mediator or whether they wish to mediate before a United States Magistrate Judge.

**DONE** and **ORDERED** in Ocala, Florida on July 26, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Counsel are reminded that failure to comply with 3.01(g) may result in the denial of the requested relief.  *See, e.g.*, Local Rule 3.01(g) ("A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer.").

[3] The Plaintiff's failure to respond to the requested relief could be construed as a lack of objection to it.